J-S78006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RANDY P. HARTZFELD | : | |
| | : | |
| Appellant | : | No. 1356 WDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000645-2014

BEFORE:  BENDER, P.J.E., OTT, and FITZGERALD[*], JJ.

CONCURRING/DISSENTING MEMORANDUM BY OTT, J.:**FILED NOVEMBER 29, 2016**

While I agree with the decision of the Majority to vacate the no-contact condition imposed on Hartzfeld's sentence with respect to the victim's mother,[1] I see no reason to vacate the no-contact provision with respect to the victim.  For that reason, I respectfully concur and dissent.

As the Majority aptly explains, while "the trial court lacked authority to set the terms of [Hartzfeld's] parole," Section 6134(b) of the Probation and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] I note, however, my reason for vacating that portion of Hartzfeld's sentence differs from that of the Majority.  Here, Bortz was not a victim of Hartzfeld's crime, and, in fact, "fully intended to marry [him] even after a jury of his peers found him guilty of endangering her child's welfare."  Trial Court Opinion, 3/14/2016, at 3.  Although I understand the court's concern that Bortz will be ill-equipped to protect her minor child, the victim herein, from Hartzfeld if she continues to have a relationship with him, that issue is one for Children and Youth Services, rather than the court.

Parole Act permits a trial court to **make a recommendation** respecting the terms of a defendant's parole which should be considered as "advisory only." Majority Memorandum at 5 (citations omitted). For that reason, I believe the "condition" imposed by the trial court, which has no real legal effect, should be considered simply a recommendation by the court upon Hartzfeld's release. Although I recognize the panel decision of this Court in **Mears**, **supra**, supports the Majority's ruling, I emphasize that **Mears** involved a condition which subjected the defendant to random searches upon his parole. It did not, as here, seek to protect the welfare of a minor child who was physically abused by the defendant. In my opinion, a "condition" concerning the protection of a minor should constitute a legitimate exception to the **Mears** decision.

Accordingly, I would not strike from Hartzfeld's sentencing order, the no-contact condition with respect to the minor victim.